**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**WILLIAM DAVID GROSS,**

    **Petitioner,**

    v.

**UNITED STATES PROBATION and
UNITED STATES DISTRICT COURT,**

    **Respondents.**

Case No. 19-3177-CM

## MEMORANDUM & ORDER

Some years ago, in Case No. 15-40012-CM, this court sentenced petitioner William David Gross to an imprisonment term of time served to be followed by a two-year term of supervised release. Petitioner's two-year supervised release term commenced October 4, 2016. The next day, a detainer resulted in petitioner's release from federal custody to the Colorado Department of Corrections ("CDOC"). While serving a sentence with the CDOC requiring his presence at a halfway house, petitioner left the facility without prior authorization. That unauthorized departure occurred on June 8, 2018, months before petitioner's supervised release term expired. Colorado subsequently charged petitioner with criminal escape. On March 7, 2019, this court issued an arrest warrant alleging that, by committing a new crime, petitioner violated his supervised release's terms. In a new civil case with this court, petitioner subsequently filed:

- A 28 U.S.C. § 2241 Petition For Writ Of Habeas Corpus (Doc. 1),

- a related "Motion To Writ The Defendant To Court Without Delay Through Habeas Corpus/Corum Nobis Hearing To Reinstate Or Vacate Probation Based On Due Process And Fundamental Fairness Of Law" (Doc. 3), and

- an accompanying Motion To Proceed In Forma Pauperis (Doc. 2).

-1-

Petitioner's § 2241 application and "Motion to Writ . . ." both dispute the validity of the underlying escape charge, but they make seemingly contrary requests. Petitioner's § 2241 application requests that the court "consider continu[ing]" the supervised release proceedings "pending disposition of [the Colorado escape] charge." (Doc. 1, at 5.) Petitioner's "Motion To Writ . . . ," however, seemingly invokes the Interstate Agreement on Detainers ("IAD") to request that "the Denver U.S. Court to he[ar] the matter expeditiously and grant a stay and reinstatement o[f] release pending the disposition of the alleged [escape] charge." (Doc. 3, at 2; Doc. 4, at 1–2.)

Two defects preclude this court's authority to review petitioner's § 2241 application and related motions.

First, petitioner applies for § 2241 relief to the wrong court. "'A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is *confined*.'" *United States v. Dotson*, 430 F. App'x 679, 684 (10th Cir. 2011) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis in original)). Petitioner filed his petition while confined in the CDOC's custody. To this court's knowledge, petitioner remains in non-federal custody outside this district. Thus, this district lacks jurisdiction to consider petitioner's arguments. *Id.* True, a venue-based jurisdictional defect "'may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice.'" *Id.* (quoting *Haugh v. Booker*, 210 F.3d 1147, 1160 (10th Cir. 2000)). But transferring petitioner's case is not in the interest of justice, given his petition's second defect. *See id.* (authorizing a court considering transfer to first "take a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.")

Second, petitioner's claim is now moot and, even assuming otherwise, meritless. Seemingly, petitioner requests only that this court (or the United States District Court for the District of Colorado)

-2-

resolve the initiated revocation proceedings. On October 25, 2019, however, this court dismissed the revocation proceedings initiated against petitioner. (*See* Case No. 15-40012-CM: Doc. 122, at 1.) "Now that this event has occurred, there is no effectual relief he could obtain." *Thompson v. Terrell*, 209 F. App'x 852, 854–55 (10th Cir. 2006). This makes his petition and related motions moot.

And even assuming the contrary, that petitioner's revocation proceedings were ongoing, petitioner's IAD-based request contradicts settled authority. Article III of the IAD provides the only mechanism to force a jurisdiction to dispose of a matter pending against an individual already held in another jurisdiction's custody. The United States and nearly all the states, including Colorado, are signatories. *Carchman v. Nash*, 473 U.S. 716, 719 (1985); Colo. Stat. Ann. § 24-60-501 (codifying Colorado's status as an IAD party). But the IAD "clearly does not apply to supervised release revocation detainers." *United States v. Gomez-Diaz*, 415 F. App'x 890, 894–95 (10th Cir. 2011) (citing *Carchman*, 473 U.S. at 725–28 and *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008)). As such, petitioner would "not [be] entitled to a revocation hearing [in this court] until after he is taken into *federal* custody on [any] arrest warrant," which need not occur until completion of his Colorado prosecution and any resulting sentence. *Id.* at 895 (emphasis added); *see also United States v. Magnan*, 700 F. App'x 838, 839–40 (10th Cir. 2017) (interpreting *Moody v. Daggett*, 429 U.S. 78 (1976), to conclude that no due process violation occurs when a revocation of supervised release proceeding is delayed pending the outcome of a state prosecution).

Given all this, petitioner presents the sort of "clearly doomed" case ill-suited for transfer. *Dotson*, 430 F. App'x at 684. That being so, petitioner's remaining motions are also moot.

**IT IS THEREFORE ORDERED** the court dismisses petitioner's Petition For Writ Of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** that the court denies as moot petitioner's Motion To Writ The Defendant To Court Without Delay Through Habeas Corpus/Corum Nobis Hearing To Reinstate Or Vacate Probation Based On Due Process And Fundamental Fairness Of Law (Doc. 3).

**IT IS FURTHER ORDERED** that the court denies as moot petitioner's Motion For Leave To Proceed In Forma Pauperis (Doc. 2).

The Clerk of Court is directed to enter judgment in favor of respondents and against petitioner.

The case is closed.

Dated November 27, 2019, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        **United States District Judge**